IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON a/k/a<br>Sharif Mozaar Mustafa El Bey<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BULLOCK, Secretary of the<br>Delaware Department of State,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 11-677-GMS<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM**

### I. INTRODUCTION

The petitioner, Alton Cannon, also known as Sharif Mozaar Mustafa El Bey ("Cannon"), filed a "writ of mandamus" on August 1, 2011, construed as a Petition for Writ of Mandamus, for the respondent, Jeffrey Bullock ("Bullock") Secretary of the Delaware Department of State, to lawfully and legally deliver "the commission/paper." (D.I. 2.) Cannon appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the court will dismiss the Petition for Writ of Mandamus.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Cannon is a frequent filer in this court. The court takes judicial notice that in 1998, Cannon pled guilty to charges of assault in the second degree and unlawful sexual contact in the first degree. *In re Cannon*, 984 A.2d 123, 2009 WL 3367066, at *1 (Del. 2009) (table decision). Cannon was released, but in 2002 and 2003, he was found in violation of probation. *Id.* Between 2001 and 2003, Cannon filed numerous other applications for relief, including motions for reduction or modification of sentence and petitions for a writ of habeas corpus, all of which

were denied. *Id.* Cannon was discharged from probation in December 2006, and his case was closed. *Id.* In 2009, Cannon filed a document entitled "Writ of Right," wherein he sought to "to be discharged" from any future consequences of his 1998 convictions, said writ characterized as mandamus relief to compel the expungement of the convictions. *Id.* On October 20, 2009, the Delaware Supreme Court held that Cannon had not stated a cognizable claim to invoke its original jurisdiction to issue a writ of mandamus or for any other extraordinary writ within its limited jurisdiction. *Id.*

In the instant petition, Cannon lists federal statutes, portions of the United States Constitution, treatises, articles, cases, and treaties in support of his petition for a writ of mandamus.[1] He moves to challenge the constitutionality, lawfulness, and legality of the codes and statutes brought against him, particularly state and federal sex offender legislation and the State of Delaware's second degree assault statute. (D.I. 2 at 10, 13, 14.) For relief Cannon seeks a mandate from this court to order Bullock "to issue the 'commission/paper' to Alton Cannon, this court, and [the Delaware] [S]uperior [C]ourt, mandating the lower said court to remove Alton Cannon from future obligations to register as a sex offender in the State of Delaware or any other state." (*Id.* at 26.)

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

---

[1]There are forty-two items listed, not including subparts. (*See* D.I. 2 at 2-7, ¶¶ 1-42.)

2

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Cannon proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Cannon leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part

analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Cannon has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege Cannon's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v.*

4

*Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist.") Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.[2] Cannon does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. Instead, Cannon asks this court to exercise mandamus jurisdiction over a state official to remove Cannon's name from a sex offender list as a result of convictions for violating State criminal statutes, and to relieve Cannon from future obligations to register as a sex offender in the State of Delaware or any other state.

This court does not have jurisdiction to grant the request. *See In re Wallace*, 2011 WL 2864732 (3d Cir. July 20, 2011) (slip op.) (federal court lacked jurisdiction to compel state court to dismiss criminal charges against petitioner). *See also In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *Cochran v. Municipal Court of City of Barberton, Summit County*, 91 F. App'x 365 (6th Cir. 2003) (not published) (federal district court could not compel state officials to follow state law, and thus, federal district court properly dismissed citizen's civil rights claim for writ of mandamus in which citizen sought to compel

---

[2]To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

5

state court to render decisions on citizen's post-conviction motions in citizen's littering conviction).

This court lacks jurisdiction to consider Cannon's petition. In addition, Cannon has failed to demonstrate his entitlement to a writ of mandamus. Notably, Cannon sought, and was denied, similar relief in the State court in 2009. *See In re Cannon*, 984 A.2d 123, 2009 WL 3367066 (Del. 2009) (table decision). Accordingly, the court will dismiss the petition for want of jurisdiction.[3]

## V. CONCLUSION

For the above reasons the court will dismiss the Petition for Writ of Mandamus for want of jurisdiction.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

\_\_\_Jun 5\_\_\_, 2012
Wilmington, Delaware

---

[3] Dismissal is also appropriate as Cannon's claims appear to be barred by the *Rooker-Feldman* doctrine and/or *res judicata*.

6